IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 19-165 |
| | ) | |
| BREANNA M. BANE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

Pending before the court is a second motion by counsel on behalf of defendant Breanna Bane ("Bane") to modify the conditions of her bond (ECF No. 175). Bane is currently detained at the Butler County Jail. She asks to be released from jail and placed in an inpatient drug treatment program. The government did not file a written response to the pending motion, but it opposed Bane's first motion for release (ECF No. 161). The government stated during the change of plea hearing on April 27, 2021, in *United States v. Breanna Bane*, Crim. No. 20-191, that it continues to oppose her release.

Factual and Procedural Background

On May 6, 2019, after being charged at Crim. No. 19-165, Bane was released on bond. Among other conditions of bond, she agreed not to violate any federal, state or local law, and not to use or unlawfully possess narcotic drugs or controlled substances (ECF Nos. 24, 25). In January 2020, after Bane admitted that she violated conditions of her bond, the court added a condition to the terms of her bond, which required her to participate in a residential treatment program.

On May 20, 2020, Bane, pursuant to a plea agreement, pleaded guilty at Crim. No. 19-165 to conspiracy to possess with intent to distribute 400 grams or more of fentanyl and 100 grams or more of heroin, from March 2019 to May 1, 2019, in violation of 21 USC § 846. Bane faces a statutory mandatory minimum sentence of 10 years of imprisonment.

Bane, with the consent of the government, was permitted to remain on bond pending sentencing. On July 17, 2020, the probation office filed a petition to revoke her bond based on new criminal charges (ECF No. 132). The court issued an arrest warrant with no bond to be set.

On August 12, 2020, Bane was indicted at Crim. No. 20-191 and charged with distribution and possession of a quantity of fentanyl on July 3, 2020. On April 27, 2021, Bane pleaded guilty to that charge. In essence, Bane admitted that she distributed drugs that resulted in the overdose death of the user. The sentencing hearing at Crim. Nos. 19-165 and 20-191 is scheduled for August 4, 2021.

Legal Analysis

The pending motion is filed only at Crim. No. 19-165. Bane is separately detained at Crim. No. 20-191, but recognizes that her release in that case is mooted by the detention order in Crim. No. 19-165. Bane pleaded guilty to count 1 of the indictment at Criminal Number 19-165 and is now awaiting sentencing. Her release on bond is therefore governed by 18 U.S.C. § 3143. Bane's conviction in Crim. No. 19-165 is a controlled substance offense with a maximum term of imprisonment of 10 years or more, as defined in 18 U.S.C. § 3142(f)(1)(C). The restrictions on release set forth in 18 U.S.C. § 3143(a)(2) apply. That section states:

> The judicial officer **shall order** that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence **be detained** unless –

> (A) [1] the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> [2] an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**
> (B) the judicial officer finds by **clear and convincing evidence** that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added).

The court must at least find that Bane is not likely to flee or pose a danger to any other person or the community. Bane must demonstrate lack of flight risk and danger to the community by "clear and convincing evidence." *Id.*

The court finds that Bane did not demonstrate by clear and convincing evidence that she does not pose a danger to the community. Her motion presents no evidence in that regard. The government points to Bane's prior violations of the conditions of her bond and the circumstances underlying the new criminal conviction in Crim. No. 20-191.

Bane pleaded guilty to a serious drug offense in Crim. No. 19-165. Bane pleaded guilty to another serious drug offense in Crim. No. 20-191, which resulted in an overdose death. Bane committed the crime charged in Crim. No. 20-191 while on release pending sentencing in Crim. No. 19-165. In other words, Bane committed a second drug trafficking crime while awaiting sentencing for the first drug trafficking crime. In sum, the court concludes that Bane poses a clear risk of danger to the community if released again.

Conclusion

       The court sympathizes with Bane's long struggle with drug addiction and is aware that participation in treatment programs is difficult while in detention. For the reasons discussed above, however, Bane's second motion to modify the conditions of her bond to permit her release from custody (ECF No. 175) will be DENIED.

       An appropriate order will be entered.

Dated: April 28, 2021

                                              /s/ Joy Flowers Conti
                                              Joy Flowers Conti
                                              Senior United States District Judge