IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Nos. 19-165 & 20-191 |
| | ) | |
| BREANNA BANE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Pending before the court is a motion to reduce sentence (Crim. No. 19-165, ECF No. 290; Crim. No. 20-191, ECF No. 79) filed pro se by defendant Breanna Bane ("Bane"). Bane's letter was forwarded to the public defender's office, who declined to file a motion on her behalf. Upon learning that a counseled motion would not be filed, the court ordered a response from the government. The government filed a response, opposing the motion. (Crim. No. 19-165, ECF No. 295; Crim. No. 20-191, ECF No. 84). The motion is ripe for disposition.

Procedural History

On May 20, 2020, Bane pleaded guilty to count 1 of the Indictment at Crim. No. 19-165, for conspiracy to possess with intent to distribute 400 grams or more of fentanyl and 100 grams or more of heroin, from March 2019 to May 1, 2019, in violation of 21 U.S.C. §846. While on bond and awaiting sentencing, Bane was charged at count 1 of the Indictment at Crim. No. 20-191, with distribution and possession with intent to distribute a quantity of fentanyl on July 3, 2020, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On April 27, 2021, Bane pleaded guilty to the offense charged at Crim. No. 20-191.

The Probation Office filed a combined Final Presentence Investigation Report ("PIR") for both cases and an addendum. The PIR calculated a total offense level of 32 and criminal history category of I, for an advisory guideline range of 121-151 months of imprisonment.

Bane raised an objection to the PIR, contending that she did not possess firearms in connection with the offense. The court held an evidentiary hearing on September 7, 2021, and the parties submitted post-hearing briefs. The court issued amended Tentative Findings and Rulings ("TFRs") in which the court found, as a fact, that Bane possessed both a Glock and an AK 47 in connection with the offense, and therefore, did not qualify for the Safety Valve. (ECF No. 245). Because those findings were determinative, the court did not need to decide whether Bane possessed an AR-15 or two pistols in a green tote bag in connection with the offense. The court recognized that because Bane did not qualify for the Safety Valve, the offense at Crim. No. 19-165 required a statutory mandatory minimum term of imprisonment of 10 years. (ECF No. 245).

As relevant to the pending motion, Bane was assigned 1 criminal history point in the PIR for a retail theft conviction in 2015. PIR ¶¶ 54, 55. Bane did not challenge her criminal history calculation. In the TFRs, the court found: "Defendant's criminal history results in a criminal history score of 1. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 1 establishes a criminal history category of **I**. The parties do not contest the criminal history category." (ECF No. 245).

At the sentencing hearing, the parties had no further objections and the court adopted the findings set forth in the TFRs. (ECF No. 249). Bane was sentenced to 120 months in prison at each case, to run concurrent. Bane did not appeal her sentence.

2

Discussion

A district court may modify a judgment that includes a term of imprisonment only under limited circumstances because that judgment is final. *Dillon v. United States*, 560 U.S. 817, 824 (2010).  One such circumstance arises under 18 U.S.C § 3582(c), which allows a district court to reduce or modify a sentence "if two conditions are met: (1) the defendant was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017), *as amended* (May 1, 2017) (quoting 18 U.S.C. § 3582(c)(2)).

Bane points to the portion of Amendment 821 that creates a new guideline, U.S.S.G. § 4C1.1 (Adjustment for Certain Zero-Point Offenders).  If an offender "meets **all** of the following criteria" (emphasis added), the offense level is reduced by 2 levels.  There are two fundamental problems with Bane's argument: (1) she does not satisfy all the criteria in § 4C1.1; and (2) her sentence was based on the statutory mandatory minimum, not her guideline range.

1. U.S.S.G. § 4C1.1

Bane does not satisfy two of the ten criteria set forth in § 4C1.1.  The first criteria is: "(1) the defendant did not receive any criminal history points from Chapter Four, Part A."  In the PIR, she was assigned 1 criminal history point for a prior retail theft conviction.  Simply put, Bane is not a zero-point offender.  *See United States v. Zeba*, No. CR 22-63, 2024 WL 1719939, at *2 (W.D. Pa. Apr. 22, 2024) (defendant not eligible for a sentence reduction under § 4C1.1 where his criminal history score was determined to be 1).

The seventh criteria in § 4C1.1 is: "(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." This court found, as a fact, that Bane possessed at least two firearms in connection with the offense. (ECF No. 245).

In sum, Bane does not qualify for the adjustment in § 4C1.1.

2. Statutory mandatory minimum

As the sentencing guidelines make clear, "a reduction in the defendant's term of imprisonment is **not** authorized under 18 U.S.C. § 3582(c)(2) . . . if: . . . (ii) an amendment listed in subsection (d) is applicable to the defendant **but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . .**" U.S.S.G. § 1B1.10, comment. (n.1) (emphasis added).

Here, Bane is not eligible for a sentence reduction because Amendment 821 does not have the effect of lowering her sentence. Regardless of any new guideline calculation, the court cannot reduce her sentence because she was sentenced at the statutory mandatory minimum. *See United States v. Michael*, 767 F. App'x 328, 330 (3d Cir. 2019) (per curiam) ("Offenders sentenced to statutory mandatory minimums are ineligible for sentence reductions pursuant to retroactive amendments to the Guidelines."); *Sanchez-Cordero v. United States*, 317 F. App'x 267, 267 (3d Cir. 2009) (defendant was "not eligible for a sentence reduction [under section 3582(c)(2)] because he was sentenced to a mandatory minimum"). In *Koons v. United States*, 584 U.S. 700 (2018), the Supreme Court held "that petitioners do not qualify for sentence reductions under § 3582(c)(2) because their sentences were not 'based on' their lowered

Guidelines ranges. Instead, their sentences were 'based on' their mandatory minimums." *Id.* at 704.  The same analysis applies to Bane.

Conclusion

For the reasons set forth above, Bane's motion for sentence reduction (Crim. No. 19-165, ECF No. 290; Crim. No. 20-191, ECF No. 79) will be DENIED.

An appropriate order will be entered at each case.

Dated:    July 9, 2024               BY THE COURT:

                                      /s/ *Joy Flowers Conti*
                                     Joy Flowers Conti
                                     Senior United States District Judge